UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CONSOLIDATED AIRCRAFT SUPPLY
CO., INC.,

               Plaintiff,

   -against-

INDEED, INC. and JOHN DOES 1 – 5,

              Defendants.
-----------------------------------------------------------X

Case No.:

COMPLAINT

Jury Trial Demanded

Plaintiff, CONSOLIDATED AIRCRAFT SUPPLY CO., INC., by and through its attorneys, ZABELL & COLLOTTA, P.C., complain and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover damages resulting from defamatory and libelous statements made by Defendants JOHN DOES 1 – 5 ("Defendant John Does") concerning Plaintiff on the website owned and operated by Defendant INDEED, INC. ("Defendant Indeed"). As a result of Defendants' concerted actions to defame Plaintiff, tortiously interfere with Plaintiff's business, and otherwise injure Plaintiff, Plaintiff's reputation in its business community has been harmed. Plaintiff seeks to have the offending material removed from the website as well as the recovery of damages, costs, attorney's fees and expenses in an amount to be determined at trial.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)

because the action is between citizens of different States, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 42 U.S.C. § 2000e-5(f)(3), because Plaintiff's business is located in this judicial district and upon information and belief the events giving rise to the claim occurred within this judicial district.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff, **CONSOLIDATED AIRCRAFT SUPPLY CO., INC.**, is a domestic corporation and maintains its principal place of business in Ronkonkoma, New York.

6. Defendant, **INDEED, INC.**, is a foreign business corporation organized under the laws of the state of Delaware.

7. Defendant Indeed maintains its principal place of business in Texas.

8. Defendant Indeed maintains one or more offices in New York and conducts business in the state of New York.

9. Defendants, **JOHN DOES 1 – 5**, are one or more individuals whose true

identity and residence is unknown, but who has clandestinely and anonymously made postings on the website owned and operated by Defendant Indeed which is located at www.indeed.com.

## BACKGROUND FACTS

10. Plaintiff is a successful and respected Federal Aviation Administration Part 145 and European Aviation Safety Agency approved maintenance, repair and overhaul facility.

11. Plaintiff lends its highly technical capabilities to service essential aircraft parts and equipment for the aviation industry across the globe.

12. Plaintiff relies heavily on personal relationships developed with clientele, including but not limited to, the United States Coast Guard, as well as the reputation it has established to secure business contracts.

13. Defendant Indeed owns and operates the website known as www.indeed.com.

14. www.indeed.com is an online employment recruitment website utilized by employers and prospective employees alike.

15. www.indeed.com contains profiles for employers without the knowledge or consent of employers.

16. Defendant Indeed permits individuals to anonymously post on an employer's "company review" profile.

17. The employer profiles have a section designated for reviews for former employees.

18. Reviews are completed on a scale ranging from 1 to 5 and also allow for commentary by the anonymous posters.

19. Upon information and belief, Defendant Indeed does not screen anonymous posters to verify if the posts were being made by individuals presently or formerly employed by the employer.

20. Furthermore, and upon information and belief, Defendant Indeed fails to verify the truth of accuracy of the anonymous postings.

21. There is an employer profile for Plaintiff on www.indeed.com.

22. The employer profile contains several anonymous postings.

23. Historically, Plaintiff's employer profile has only contained overwhelmingly positive reviews.

24. However, there has been a high influx of postings on Plaintiff's profile since May 1, 2020. Notably, there have been many negative posts made by anonymous individuals.

25. Presently, Plaintiff's page contains twelve (12) reviews.

26. Five of the twelve (12) reviews have been posted since May 12, 2020. The other seven (7) reviews were all posted more than one (1) year ago.

27. The seven (7) reviews posted more than a year ago were all rated as a five (5) out of five (5).

28. Three of the five (5) reviews posted since May 12, 2020 indicate a rating of one (1) out of five (5) and a fourth review indicates a rating of two (2) out of

(5).

29. The recent reviews themselves are replete with inaccurate and defamatory statements regarding Plaintiff's business operations.

30. For example, on May 15, 2020 the following anonymous post was made:

> "1.0 Would not recommend this company
>
> During this pandemic, the protocols of social distancing are being ignored. This office management is constantly yelling and going on tirades. It is a very tense and unhealthy environment to work in daily.
>
> Pros: Right now, cant think of one
> Cons: Unhealthy environment both psychologically and physically"

31. Furthermore, the following comment was also made on May 15, 2020:

> "1.0 Do not work here!!
>
> Unhappy employees! Management encourages conflicts between employees they will even talk negatively to each person involved never any resolution. The owner is very unprofessional and very discriminating. He will not hire a man for this position only a woman. You will get the once over to make sure you look the part."

32. Another posting on May 14, 2020 reads as follows:

> "1.0 Unhappy
>
> I didn't have a good experience working here. Management was never willing to help in anyway. I was constantly yelled at like a child instead of an equal. Working here is like stepping back into the 1970s all the procedures are outdated. Everything is paper the owner is unwilling to move with the times. Management is constantly arguing very tense unhappy work environment. I do not recommend."

33. An additional posting was made on May 13, 2020 that states the following:

> "2.0 Unprofessional Management
>
> This office needs to fully automated - Everything is paper-driven and nothing is automated in any way.
> The atmosphere is tense and the management fights with each other. It is not a comfortable environment.
> For a woman coming into this business, it is very awkward
> There are MANY companies out there. Choose wisely."

34. Previously, the profile page contained a May 10, 2020 posting stating:

> "1.0 Do not work here!
>
> Toxic work environment!! The owner talks negatively about his family mind you some of them work there. He encourages conflict between employees he will even talk negatively about each employee to the other. He thinks the law doesn't apply to him especially during the pandemic. He is very unprofessional and only cares about the money going into his own pockets. This position is for a woman if you want to be harassed constantly then this place is for you."

35. Furthermore, Defendant John Does has posted defamatory statements about Plaintiff and its owners on other forums, including, but not limited to, Glassdoor.

36. Defendant John Does' postings falsely accuse Plaintiff of criminal and other unlawful conduct and otherwise wrongfully impugning Plaintiff's honesty, integrity and fitness.

37. In particular, Plaintiff stands accused of violating anti-discrimination and sexual harassment laws and the COVID-19 related measures imposed by the state of New York.

38. These accusations are without merit and have resulted in harm to Plaintiff's business reputation and have caused a disruption to Plaintiff's regular business practices.

39. In fact, in recent months Plaintiff has been contacted by the New York State Department of Labor, the New York State Attorney General's Office, and the Occupational Safety and Health Administration of the United States Department of Labor (OSHA) regarding Plaintiff's operation during the COVID-19 pandemic in response to false claims made against Plaintiff.

40. Importantly, Plaintiff has been declared an essential business by the state of New York. Accordingly, it has been permitted to operate so long as it engages in proper social distancing guidelines issued for essential business – which it has.

41. Plaintiff has had to allocate significant time and resources in defending itself against the unwarranted allegations by affirmatively proving compliance with social distancing guidelines.

42. Furthermore, Plaintiff has suffered harm to its reputation as a government subcontractor during a highly scrutinized time-period.

43. Finally, Plaintiff has suffered harm to their reputation among prospective employees whom have been led to mistakenly believe that Plaintiff 1) harasses and discriminates against women, and 2) fails to maintain a safe work and healthy work environment for its employees.

44. Defendant Indeed has permitted Defendants John Does to continue to anonymously post the defamatory statements regarding Plaintiff and its owners.

45. Plaintiff has submitted complaints to Defendant Indeed regarding the falsities that have been posted about the company on www.indeed.com.

46. Nevertheless, the postings not only remain, but have been continuously submitted.

47. Accordingly, Defendant Indeed has aided and abetted the defamation/libel perpetrated by Defendants John Does.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Defamation/Libel *Per Se*
### Against Defendants John Does 1 – 5

48. Plaintiff repeats and realleges each and every allegation contained herein.

49. Defendants John Does' written defamatory statements as alleged above, constitute libel *per se* because they falsely state or imply that Plaintiff has engaged in criminal and/or other unlawful conduct.

50. Moreover, those statements subject Plaintiff, to public shame, criticism, contempt, ridicule and disgrace and disparaged him in its business community by falsely accusing them of discrimination and failing to keep their employees safe.

51. Defendants John Does' defamatory statements were disseminated with the

purpose that the statements would be widely published and circulated throughout the business community and presumably read by prospective employees or fellow colleagues.

52. Defendants John Does' defamatory statements were made and published with malice and ill will towards Plaintiffs because they were made with knowledge or reckless disregard of their falsity.

53. As a direct and proximate result of Defendants John Does defamatory statements, Plaintiff has sustained injury to its personal and professional reputation and has suffered public shame, criticism, contempt, ridicule and disgrace, and has sustained damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### Aiding and Abetting Defamation/Libel *Per Se*
### Against Defendant Indeed

54. Plaintiff repeats and realleges each and every allegation contained herein.

55. Defendants John Does written defamatory statements as alleged above, constitute libel *per se* because they falsely state or imply that Plaintiffs have engaged in criminal and/or other unlawful conduct.

56. The aforesaid statements were permitted to be made by Defendant Indeed who negligently and/or recklessly permits individuals to make anonymous postings on its highly regarded website without verification as to their truth and accuracy.

57. Defendant Indeed maintains that information regarding working for Plaintiff

9

may be obtained by Defendant Indeed's "community" whom stands "ready to answer." However, the answers provided by Indeed, by reliance upon its "community" – in this case, Defendants John Does – are defamatory and libelous.

58. Nevertheless, Defendant Indeed represents that the defamatory and libelous statements made by Defendants John Does.

59. www.indeed.com does not contain any language warning that statements contained on the website may be untrue, may be written by one or more individuals who has never worked for Plaintiff, or written by one or more individuals with the intent to cause harm to Plaintiff.

60. Instead, Defendant Indeed holds its community out to be an accurate representation and depiction of employment with specific businesses, including, but not limited to, Plaintiff.

61. By providing a platform and lending credence to Defendants John Does' defamatory and libelous statements Defendant Indeed has aided and abetted Defendants John Does' unlawful conduct.

62. As a direct and proximate result of Defendant Indeed's actions and conduct, Plaintiff has sustained injury to its personal and professional reputation and has suffered public shame, criticism, contempt, ridicule and disgrace, and has sustained damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

63. Plaintiff repeats and realleges each and every allegation contained herein.

64. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment:

a) Entering a permanent injunction ordering the offending material removed from www.indeed.com;

b) Compensatory damages in an amount to be determined at trial on all Causes of Action, including special damages and general damages;

c) An award of punitive damages where allowed by statute;

d) An award of interest, costs and attorneys' fees and expenses; and

e) For such other and further relief as may be just and proper.

Dated: Bohemia, New York
May 21, 2020

By: ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff*

_____
Saul D. Zabell
Ryan M. Eden, Esq.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
zabell@laborlawsny.com
eden@laborlawsny.com